■ In the Matter of SELWYN C. OSBORNE, Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— In a proceeding to review a determination of the State Rent Administrator denying an application to subdivide an allegedly underoccupied housing accommodation, the appeal is from an order annulling the determination and holding the accommodation to be underoccupied. Order reversed, without costs, and matter remitted to the State Rent Administrator for further proceedings not inconsistent herewith. In his answer before the Local Rent Administrator the tenant, not a party to this proceeding, claimed that the apartment was occupied by himself, his wife, her niece and her aunt. After a conference with the respondent and the tenant, the examiner in the office of the Local Rent Administrator reported that the tenant claimed that he lived with his wife, his cousin and his aunt and that the cousin and aunt had been with him for five years. The examiner ordered an inspection made of the apartments in the building and stated that a telephone call was to be made to the respondent, who wished to be present. The record does not indicate that such a telephone call was made and the inspection report reveals that the respondent was not present at the inspection. The inspection report states that the subject apartment was occupied by the tenant, his wife, his nephew, his aunt, and two roomers. The report does not indicate that either the tenant's alleged aunt or his alleged nephew was present at the inspection. After the report of the inspection had been submitted, the examiner found that the inspection revealed that the tenant resided with his wife, an aunt, a cousin, a nephew and two roomers. He found that the cousin and the aunt had been living with the tenant for about five years and were to be considered as members of the tenant's family for the purpose of determining underoccupancy. In his answer to the respondent's protest, the tenant claimed that his aunt and nephew had been occupying the apartment with him and his wife since 1940 and that he had not collected any rent from his nephew and aunt. The State Rent Administrator found that the nephew and aunt were members of the family and were not roomers or boarders within the meaning of subdivision a of section 57 of the State Rent and Eviction Regulations. In our opinion, the interests of justice require a thorough exploration of the relationship of the occupants of the apartment to the tenant and to his wife and of their alleged residence in the apartment. If it be hereafter found that either the alleged nephew or the alleged aunt is related to the tenant, as found in the determination of the State Rent Administrator, and resides in the apartment, that person may properly be counted as a member of the tenant's family for the purpose of determining whether the apartment is underoccupied within the meaning of subdivision a of section 57 and Opinion No. 55 of the Opinions of the State Rent Administrator (2d ed.), and the respondent's application may properly be denied by the Administrator. In our opinion, under the wide discretion granted to the State Rent Administrator by the statute authorizing a certificate of eviction for the purpose of altering an apartment (State Residential Rent Law, § 5, subd. 2, par. [c]; § 5, subd. 3; L. 1946, ch. 274, as amd.), he was not arbitrary or capricious in interpreting or construing the regulation and his Opinion No. 55 as justifying the inclusion of a tenant's aunt and nephew as members of the tenant's family and the counting of them as occupants within the meaning of the regulation and the opinion (see, e.g., Matter of 784 Park Ave. Corp. v. Abrams, 1 A D 2d 876). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.